■   In the Matter of WILLIAM H. ROBINSON, Petitioner, v DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review determinations

of the Department of Environmental Conservation which revoked petitioner's New York State falconer's license, scientific collector's license, hunting and trapping license and ordered seizure of birds of prey, specimens of birds of prey, and other wildlife presently in petitioner's possession. Petitioner, a professional ornithologist who specializes in raptors (birds of prey), has been issued three licenses by the Department of Environmental Conservation (Encon): a scientific collector's license, a falconry license, and a hunting and trapping license. He seeks to annul three determinations of Encon which revoked his licenses and ordered that certain wildlife presently in his possession be seized. Pursuant to ECL 11-0719 (subd 1), the hunting and trapping license was revoked for a period slightly in excess of three years on the ground that petitioner had been convicted of two violations of the Fish and Wildlife Law within a five-year period. Pursuant to ECL 11-1007 and the rules and regulations promulgated thereunder, his falconer's license was revoked for a similar period as a result of the same convictions. Finally, pursuant to ECL 11-0515 (subd 1), his scientific collector's license was revoked, after a hearing, for a period of three years as a result of four violations of the terms and conditions of that license. With respect to the scientific collector's license, petitioner was accused of five violations of its provisions: inappropriate use of a great horned owl; failure to maintain a log; unauthorized possession of two black hawks; unauthorized possession of two red tailed hawks; and unauthorized release of a goshawk. The charge regarding the red tailed hawks was resolved in petitioner's favor, but the other four allegations were resolved against him. The "inappropriate use" of the great horned owl was that petitioner exhibited it when he lectured school children on environmental conservation. The owl involved had been restored to health by petitioner, and he was awaiting permission from Encon to release it. The scientific collector's license does not prohibit such use on its face, although the hearing officer claimed that any activity not specifically permitted by the license is forbidden. ECL 11-0515 (subd 1), however, authorizes Encon to issue permits for "propagation, banding, scientific or *exhibition* purposes" (emphasis supplied). The permit itself does not specifically authorize possession for "scientific" or "propagation" or "banding" in those words, and it would seem illogical for these activities to be mutually exclusive unless otherwise permitted. Indeed, petitioner's license permits the possession of one peregrine falcon for educational purposes, and, thus, Encon is apparently not adverse to the display of such raptors, but only against the exhibition of this particular bird by this particular petitioner in his lectures to school children. It is noteworthy that no suggestion or allegation that the owl was in any way harmed, injured or traumatized by its display appears. As to the allegation that petitioner failed to maintain a log of actions, he did supply a resume of transactions which he considered to be a log. Petitioner also maintains an open file for review and inspection, and submits an annual report. There is no evidence that Encon provides any guidance as to what it considers an adequate log, other than the information required by the scientific collector's license. Moreover, there is no evidence that the information required by the license did not appear on the resume and other documents, and there is no allegation or evidence that Encon was deprived of any necessary information due to the alleged inadequacy of the log. With respect to possession of two black hawks without authorization, petitioner produced letters of authorization from the Bronx Zoo and a person from New Jersey confirming that the birds were only loaned to petitioner for breeding purposes. He contends that since they were on loan, no Encon authorization was necessary.

880

Petitioner apparently advised Encon of his intention to obtain the birds prior to their delivery and requested an addendum to his license authorizing possession if necessary. Since Encon never responded, petitioner assumed that no authorization was necessary for a loan. Petitioner's assumption seems reasonable, and it is also significant that no harm came to the birds, which were returned to their owners. The fourth offense, releasing goshawks without written permission, has more substance. Petitioner's scientific collector's license states that "the release * * * of any live bird (including rehabilitated birds) is prohibited without written authorization" from Encon. Petitioner did in fact release goshawks that he had produced in captivity without written or oral authorization and, thus, this charge should stand. Encon makes much of petitioner's two convictions under the Environmental Conservation Law, for which he paid two $50 fines. Petitioner was convicted in a Justice Court for capturing a red tailed hawk without authorization in violation of 6 NYCRR 173.2 (c) and unauthorized release of a peregrine falcon in violation of ECL 71-0919 (subd 1). Petitioner contends that he pleaded guilty on the advice of Encon officers, which is denied by Encon, and that he had no idea that such draconian administrative penalties would result in addition to the fines. He subsequently moved to vacate the plea, but the motion was denied. Encon ignores the fact that the convictions were not part of the hearing officer's findings as a basis for revocation of the license for three years. The hearing officer relied only on the four alleged violations discussed above, three of which are not supported by substantial evidence. Thus, only one violation is supported by substantial evidence and the remaining question is whether the three-year revocation and the seizure order is excessive. This penalty would put petitioner out of business, and in view of his work and his eminent background, this would constitute a serious loss to the State as well as to petitioner. It is obvious that petitioner's laudatory efforts on behalf of raptors would come to an abrupt halt if Encon's revocation is permitted to stand. Moreover, rendering petitioner impotent by revoking his scientific collector's license and seizure of all his live and dead birds runs counter to the stated policy of New York as contained in ECL 1-0101. Nowhere is it contended that petitioner harmed either the birds or the environment. A short suspension should be adequate for the unauthorized release of the goshawk. A three-year revocation and seizure of all live and curiously, dead birds is excessive when petitioner's livelihood, qualifications, contributions to conservation and the insubstantial nature of the offense are compared. The order of revocation should be modified into an order of suspension for 30 days, and the order of seizure annulled *in toto.* The revocation of petitioner's hunting and trapping license, however, should stand. He was twice convicted under the provisions of the Environmental Conservation Law, as discussed previously, and revocation is specifically authorized for up to five years under ECL 11-0719 (subd 1). That section does not authorize seizure of any birds in the violator's possession. As to petitioner's falconry license, ECL 11-1007 authorizes revocation if the licensee is a convicted violator of the pertinent statutes or regulations, which encompasses petitioner. Although the section also authorizes Encon to seize all falcons being held under the license, this portion of the penalty is excessive for the reasons stated above and is annulled. Determination revoking petitioner's scientific collector's license modified by annulling so much thereof as revokes petitioner's license for a period of three years and orders petitioner to surrender to respondents all live or dead birds in his possession, and by imposing instead a 30-day suspension of said license, and, as so modified, confirmed, without costs; determination

revoking petitioner's falconry license modified by annulling so much thereof as seizes and orders surrender of all raptors possessed by petitioner pursuant to said license, and, as so modified, confirmed, without costs; determination revoking petitioner's hunting and trapping license confirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Mikoll, JJ., concur.